**SCENIC HUDSON PRESERVATION CONFERENCE et al., Plaintiffs-Appellants-Appellees,**

v.

**Howard H. CALLAWAY, Individually and as Secretary of the Army, Department of Defense, et al., Defendants-Appellees,**

**and**

**Consolidated Edison Company of New York, Inc., Defendant-Appellant.**

Nos. 1028, 1092, Dockets 74–1311, 74–1421.

United States Court of Appeals, Second Circuit.

Argued May 31, 1974.

Decided June 11, 1974.

G. S. Peter Bergen, New York City (LeBoeuf, Lamb, Leiby & MacRae, Carl D. Hobelman, Andrew Gansberg, New York City, on the brief), for Consolidated Edison.

Albert K. Butzel and David Sive, New York City (Berle, Butzel & Kass, Winer, Neuburger & Sive, Angus Macbeth, New York City, on the brief), for Scenic Hudson and others.

T. Gorman Reilly, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., S. D. N. Y.,

Anne Sidamon-Eristoff and Gerald A. Rosenberg, Asst. U. S. Attys., on the brief), for defendants-appellees.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

## OPINION

PER CURIAM:

In this fourth appeal to this court involving the challenged Storm King Project, a hydroelectric facility slated to be built on the west bank of the Hudson River,[1] defendant Consolidated Edison Company of New York, Inc. ("Con Ed") appeals from a portion of a final judgment entered in the United States District Court for the Southern District of New York, Morris E. Lasker, J. Plaintiffs (collectively "Scenic Hudson") cross-appeal from other parts of that judgment.

In the district court, plaintiffs contended that Con Ed could not dump rock and other fill material into the Hudson River, as planned, without first obtaining a permit from the United States Army Corps of Engineers under section 404 of the Federal Water Pollution Control Act Amendments of 1972. 33 U.S.C. § 1344. They also claimed that an additional permit was required by section 10 of the Rivers and Harbors Act of 1899. 33 U.S.C. § 403. Judge Lasker agreed with Scenic Hudson on the need for a section 404 permit but held that Con Ed was not obliged to obtain a permit under section 10. He therefore granted plaintiffs' motion for summary judgment as to section 404, awarding them permanent injunctive and declaratory relief, and denied it as to section 10. The judge also granted Con Ed's motions for summary judgment dismissing the complaint and for declaratory relief as to the section 10 claim and denied it as to the section 404 claim. Both Scenic Hudson and Con Ed appeal from those portions of the judgment rejecting their respective positions. As to these issues, we affirm the judgment of the district court on the well-considered opinion of Judge Lasker. 370 F.Supp. 162 (1973).

Scenic Hudson's cross-appeal raises one additional question not dealt with in the court's written decision.[2] Plaintiffs argue that the judge erred in limiting injunctive relief to the actual discharge of fill material into the River rather than enjoining construction activities of any kind. Their rationale for this claim is that commencement of excavation would exert "tremendous pressure" on the licensing agency to grant Con Ed's application. But there is also pressure on Con Ed to proceed as far and as fast as possible in order to avoid still further cost escalation and to preserve its license against a claim that it has not begun construction within the stipulated period. Under these circumstances, we cannot say that Judge Lasker abused his discretion in confining the injunction as he did.

We therefore affirm the judgment below in all respects.

---

1. For the prior history of this case in our court, see Scenic Hudson Preservation Conference v. FPC, 354 F.2d 608 (1965), cert. denied, 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 540 (1966) ("Scenic Hudson I") and Scenic Hudson Preservation Conference v. FPC, 453 F.2d 463 (1971), cert. denied, 407 U.S. 926, 92 S.Ct. 2453, 32 L.Ed.2d 813 (1972) ("Scenic Hudson II"). See also Hudson River Fishermen's Ass'n v. FPC, 498 F.2d 827 (2d Cir. 1974).

2. Plaintiffs moved to amend the judgment to expand the scope of injunctive relief. Judge Lasker denied the motion without opinion.